(No. 80-CC-2161-)

NATIONAL INSTITUTE FOR HUMAN RELATIONSHIPS, a not-for-profit Illinois corporation, Claimant, v. THE BOARD OF GOVERNORS OF STATE COLLEGES AND UNIVERSITIES, a body politic and corporate; NORTHEASTERN ILLINOIS UNIVERSITY, a not-for-profit State university, as grantee/contractor under Illinois Dangerous Drugs Commission Grant #C2-0040-01; STATE OF ILLINOIS DANGEROUS DRUGS COMMISSION, a body politic and corporate, as grantor under Illinois Dangerous Drugs Commission Grant #C2-0040-01, Respondents.

*Opinion filed June 29, 1983.*

KLEIN, THORPE & JANKINS, LTD. (RICHARD T. WIMMER, of counsel), for Claimant.

DUNN, GOEBEL, ULBRICH, MOREL & HUNDMAN (MARK T. DUNN, of counsel), for Respondent Board of Governors of State Colleges & Universities.

NEIL F. HARTIGAN, Attorney General (FRANCIS M. DONOVAN, Assistant Attorney General, of counsel), for Respondent State of Illinois.

POCH, J.

This claim comes before the Court on the parties' stipulation wherein it has been requested that an award be entered in Claimant's favor in the amount of $2,500.00.

The matter arises out of certain nonpayment of funds to Claimant under a contract wherein the Claimant participated in a drug abuse control program made possible by a grant from the Respondent Illinois Dangerous Drugs Commission.

The program covered 1974-75 academic year of Northeastern Illinois University which is operated under the authority of Respondent Board of Governors of State Colleges and Universities.

Claimant was to have been paid the sum of $64,600.00 for its participation in the program. Claimant received $46,691.72, leaving a balance due of $17,908.28. This figure was the amount being claimed in the complaint filed in this case.

The parties, calling attention to the difficulties of

proof involved in a trial of a case arising out of events which took place eight years ago with regard to availability of witnesses and documents, have agreed to compromise the claim.

The Court is mindful of trying cases without benefit of competent witnesses and the problems thereof. The Court does not desire to substitute its judgment for that of the parties' counsel. It is apparent that the agreement to compromise arose only after consideration of the merits of the case and of the parties' respective positions. Where an agreement to compromise a claim is reached by the parties by their authorized representatives, this Court will not second guess their decision.

It is hereby ordered that the sum of $2,500.00 be and the same hereby is, awarded to the Claimant, National Institute for Human Relationships, in full and final satisfaction of any and all claims involved herein.